CRAWLEY, Judge,
concurring in the result.
I agree that “[b]eeause we cannot ascertain if the proper standard was employed by the court in reaching its decision, the judgment of the court is reversed and the cause is remanded to allow the court to evaluate the evidence in accordance with McLendon.”
Because the father had had physical custody of the children for approximately one year at the time he filed his complaint seeking a change in custody, the trial court’s application of McLendon should be done in light of this court’s decision in Garrison v. Garrison, 557 So.2d 1277 (Ala.Civ.App.1990). In Garrison, this court stated:
“In sum, the evidence shows that the child has materially benefited from her stay with the father during the school year. Moreover, the evidence establishes that both parents can be considered fit and proper to exercise custody of their daughter. Further, since the trial court’s order merely formalized the parties’ own agreement as to physical custody, there will be no ‘disruption’ in the child’s living arrangement because it will be the same as that agreed to by her parents.”
557 So.2d at 1280.